IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA for the use and benefit of CONTRACT MANAGEMENT, INC.<br>     Plaintiff,<br><br>v.<br><br>JAAAT TECHNICAL SERVICES, LLC and SAFECO INSURANCE COMPANY OF AMERICA<br><br>     Defendants. | CIVIL ACTION FILE NO.<br><br>_____<br><br>JURY TRIAL DEMANDED |

**COMPLAINT**

Plaintiff UNITED STATES OF AMERICA for the use and benefit of CONTRACT MANAGEMENT, INC. hereby files its Complaint against Defendants JAAAT TECHNICAL SERVICES, LLC and SAFECO INSURANCE COMPANY OF AMERICA and states as follows:

**PARTIES, JURISDICTION, AND VENUE**

1. CONTRACT MANAGEMENT, INC. ("CMI") is a corporation duly incorporated under the laws of Georgia with its principal place of business in Georgia.

2. Defendant SAFECO INSURANCE COMPANY OF AMERICA ("Safeco") is a foreign corporation incorporated under the laws of the State of New Hampshire and has its principal place of business in the State of Massachusetts. Defendant Safeco conducts business in Georgia and is subject to the jurisdiction of this Court. Safeco may be served by serving its registered agent for service of process in Georgia, Corporation Service Company, 40 Technology Parkway South, Suite 300, Norcross, Georgia 30092.

3. Defendant JAAAT TECHNICAL SERVICES, LLC ("JAAAT") is a corporation incorporated under the laws of the State of Virginia with its principal place of business in the State

of Virginia. Defendant JAAAT has transacted business in Georgia and in the Southern District of Georgia and is subject to the jurisdiction of this Court. Defendant JAAAT has not registered as a foreign corporation with the Georgia Secretary of State and does not have a registered agent and office listed with the Georgia Secretary of State. JAAAT may be served with a Summons and a copy of this Complaint through its registered agent for service of process in Virginia, Rickey B. Barnhill, 609 Elm Ct., Hopewell, VA 23860.

   4. The Court has subject matter jurisdiction for this action pursuant to 28 U.S.C. §1331 and the Miller Act, 40 U.S.C. §3133, since this is the district in which the contract was performed and in which the project was located. The Court also has subject matter jurisdiction pursuant to 28 U.S.C. §1332 based upon diversity of citizenship because the matter in controversy exceeds the amount of $75,000.00, exclusive of interest and costs, and there is diversity of citizenship of the parties. CMI is incorporated in Georgia with its principal place of business in Georgia. Defendant Safeco is incorporated in New Hampshire and has its principal place of business in Massachusetts, and Defendant JAAAT is incorporated in Virginia and has its principal place of business in Virginia.

   5. Venue is proper in this District pursuant to 40 U.S.C. §3133 since the Prime Contract between the United States Government and JAAAT for the Project was performed and executed in this District. The work performed by CMI for which it seeks to recover under the Miller Act was performed at Fort Gordon, Georgia, which is located in the Southern District of Georgia. In addition, venue is proper under 28 U.S.C. §1391(b)(2) since a substantial part of the events or omissions giving rise to the claim occurred in the Southern District of Georgia.

BACKGROUND FACTS

6. JAAAT entered into a contract (the "Prime Contract") with the United States Government (the "Owner") for the construction of a project known as Whitelaw Wedge Addition NSA/CSS at Fort Gordon (the "Project").

7. JAAAT, as Principal, and Safeco, as Surety, executed a Payment Bond for the Project, Bond No. 024046316 (the "Payment Bond") in the amount of $15,569,102.00. Such Payment Bond, a true and correct copy of which is attached hereto as Exhibit "A", is incorporated herein by reference.

8. JAAAT entered into a subcontract with Tetra Tech Tesoro, Inc. ("Tetra Tech Tesoro") to perform certain work for the Project.

9. Tetra Tech Tesoro, in turn, entered into a subcontract with CMI for CMI to perform certain work as set forth in the Subcontract.

10. Tetra Tech Tesoro issued Change Order No. 1 to the Subcontract and required CMI to perform changed work and extra work with respect to the Project.

11. CMI performed its obligations.

12. All of CMI's work for the Project has been accepted by the acts and conduct of JAAAT, Tetra Tech Tesoro and the Owner.

13. CMI has not been paid the amount of $350,000.00 for labor, work and materials provided for the Project, which includes the unpaid amount of $300,000 for Change Order No. 1 to the Tetra Tech Tesoro–CMI Subcontract and $50,000.00 for the remaining Subcontract balance.

**COUNT ONE**
**ACTION ON PAYMENT BOND AND UNDER THE MILLER ACT**

14. The allegations of Paragraphs 1 through 13 are incorporated herein by reference as if all such paragraphs were fully stated herein.

15.	JAAAT, as Principal, and Safeco, as Surety, executed the Payment Bond for the Project. Such Payment Bond, a true and correct copy of which is attached hereto as Exhibit "A", is incorporated herein by reference.

16.	Such Payment Bond was issued and executed by JAAAT, as Principal, and Safeco, as Surety, pursuant to the Miller Act, 40 U.S.C. §3131, *et. seq.* (the "Miller Act").

17.	Pursuant to the terms of the Payment Bond, Safeco and JAAAT agreed, jointly and severally, to promptly make payment to all persons having a direct relationship with the Principal or a subcontractor of the Principal for furnishing labor, material or both in the prosecution of the work provided for in the Prime Contract and any authorized modifications thereto.

18.	Pursuant to the Miller Act, Safeco and JAAAT are jointly and severally liable to pay every person that has furnished labor or material in carrying out work for the Project for the amount due that has not been paid in full within ninety (90) days after the day on which the person did or performed the last of the labor or furnished or supplied the material for which the claim is made.

19.	CMI furnished labor and materials in the prosecution of the work provided for in the Prime Contract and furnished labor and materials in carrying out work for the Project.

20.	CMI is a claimant under the Payment Bond and is entitled to be paid under the Miller Act and under the Payment Bond.

21.	CMI has performed work for the Project directly for and under the direction of Tetra Tech Tesoro, a subcontractor to JAAAT, but CMI has not been paid by Tetra Tech Tesoro the principal amount due of $350,000.00. Tetra Tech, Inc. sent a joint check in the amount of $49,340.88 to Johnson Controls, Inc. ("JCI"), made payable to JCI and CMI, which check is not in CMI's possession. CMI has not accepted, cashed or endorsed such check. Tetra Tech, Inc. has

4

wrongfully insisted upon terms and conditions for the endorsing of such check that are not acceptable to CMI and have not been accepted by CMI. CMI is still due the entire principal amount of $350,000.00.

22.     JAAAT and Safeco have not paid CMI any of the principal amount of $350,000.00 due to CMI.

23.     More than ninety (90) days has expired since the date that CMI performed the last labor or supplied the last materials for which the claim is made.

24.     CMI provided notice to JAAAT, Safeco and Tetra Tech Tesoro of CMI's claim in the principal amount of $350,000.00 within ninety (90) days from the date on which CMI performed the last labor or supplied the last materials for which the claim is made.

25.     JAAAT and Safeco have breached the terms of the Payment Bond and their obligations under the Miller Act by failing to pay CMI for labor and work performed and materials supplied by CMI to JAAAT for the Project.

26.     As a result of such nonpayment and breaches by Defendants JAAAT and Safeco, CMI has been damaged in the principal amount of at least $350,000.00.

27.     Despite demand for payment, Safeco and JAAAT have not paid the sum due CMI under the Payment Bond.

28.     This action under the Payment Bond and the Miller Act has been filed within one year of the date of the last labor performed or materials supplied to the Project by CMI.

29.     All conditions precedent to Plaintiff being entitled to recover the amount sought herein have been met, have occurred, or have otherwise been waived, excused or frustrated.

30.     Plaintiff is entitled to interest on the amount due under the Payment Bond at the rate of seven percent (7%) per year from the date the amount was due until the date the amount is

paid.

31.     Therefore, Plaintiff is entitled to recover from Defendants JAAAT and Safeco, jointly and severally, under the Payment Bond and 40 U.S.C. §3133 in the principal amount of $350,000.00, or such other amount to be proven at trial, plus prejudgment interest on the amount due under the Payment Bond at the rate of seven percent (7%) per year from the date the amount was due until the date the amount is paid, plus post-judgment interest as allowed by law and costs of this action.

## JURY DEMAND

CMI demands a trial by jury of all issues properly triable to a jury pursuant to Rule 38(b) of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Contract Management, Inc. respectfully prays that this Court grant the following relief:

(a)     Judgment in favor of Contract Management, Inc. against Defendants Safeco and JAAAT, jointly and severally, under the Payment Bond and the Miller Act in the principal amount of $350,000.00, or such other amount to be proven at trial, plus interest on the amount due under the Payment Bond and the Miller Act at the rate of seven percent (7%) per year from the date the amount was due until the date the amount is paid, plus prejudgment interest and post-judgment interest as allowed by law and costs of this action;

(b)     That all issues triable to a jury be tried to a jury; and,

(c)     That the Court grant such further and other relief as this Court deems just and proper.

Respectfully submitted, this 11th day of August, 2015.

                                                    s/Thomas W. Tucker
                                                  Thomas W. Tucker
                                                  TUCKER LONG, P.C.
                                                  P.O. Box 2426
                                                  Augusta, GA 30903
                                                  706-722-0771 telephone
                                                  706-722-7028 facsimile
                                                  ttucker@tuckerlong.com